## Narr's Estate.

*Domicile—Change—Abandonment of domicile of origin.*

To constitute a legal domicile, two things must concur: the fact of residence and the intention of remaining, and the original domicile continues until abandoned. Merely taking up a residence elsewhere is not sufficient unless there be an intention to abandon the former domicile and establish a new one. Hence, the mere fact that a resident of Philadelphia, on account of her health, sold her house and went to reside with relatives at Ocean City, New Jersey, where she remained until within a few days of her death, was held insufficient to show an abandonment of her original domicile or the establishment of a domicile in New Jersey.

Exceptions to decree of hearing judge dismissing appeal from the Register. O. C. Phila. Co., July T., 1921, No. 155.

Testatrix, Margaret J. Narr, who had resided for many years in Philadelphia, owning real estate in that city, on April 28, 1921, because of ill-health, sold her real estate and a large part of her furniture and went to live with relatives at Ocean City, New Jersey. On July 18, 1921, she returned to the University Hospital, Philadelphia, for a serious operation, which was performed on the 20th, and on the 24th she died. Upon an appeal from the Register of Wills who had admitted the will to probate, Gummey, J., the hearing judge, held that there had been no abandonment of her residence in Philadelphia, and dismissed the appeal. Exceptions were taken to his ruling.

*J. A. Robbins,* for exceptions; *Bruce A. Metzger,* contra.

LAMORELLE, P. J., April 28, 1922. — Domicile and residence are not convertible terms.

Domicile may be acquired by the shortest residence; on the other hand, the longest residence may be insufficient to secure it: Mintzer's Estate, 2 Dist. R. 584.

The domicile of origin continues until the presumption arising therefrom is overcome by unmistakable evidence of an intention to change it. Domicile is always a question of intention. The burden of proof is on the party alleging change and abandonment: Lowry's Estate, 5 Dist. R. 729.

1 D. & C.

### Narr's Estate.

Where the testimony offered is conflicting, the facts must first be determined. If the question is before the Court of Common Pleas, the jury settles the matter. If the question is before this court, the auditing judge, sitting as chancellor. His findings of fact, like a verdict of a jury, are to be upheld, unless there is no testimony to support them, or unless glaring error appears.

In the present case the hearing judge, after reviewing the testimony, principally statements made by Margaret J. Narr in her lifetime, found as a fact that there was no fixed intention on her part of selecting Ocean City, New Jersey, as the domicile of choice, and, applying the proper legal principles, decided that Philadelphia, admittedly the original domicile, was the proper place wherein to probate the will, which will thereby necessarily, not only as to form, but also as to substance, is governed by the laws of this Commonwealth.

The principle applied by the hearing judge is concisely stated by Judge Orlady in Hunnings v. Hunnings, 55 Pa. Superior Ct. 261, at page 265: ". . . That the fundamental and controlling requirement is an intention to abandon a former domicile and to establish a true, fixed and permanent abode to which, whenever one is absent, there is a continuing intention of returning. Two things must concur: The fact of residence, and the intention of remaining. The original domicile continues until it is fairly changed for another. Mere taking up a residence is not sufficient, unless there be an intention to abandon a former domicile and establish a new one: 1 Bouvier's Law Dict.; 10 Am. & Eng. Ency. of Law, Title, Domicile, and annotations from a great number of our State courts." And see, also, Barclay's Estate, 259 Pa. 401.

In that we find no error in the findings of fact or in the application of the law, the exceptions are dismissed.